### PHU VAN HOANG, Plaintiff—Appellant,

v.

**Michael J. ASTRUE,\* Commissioner of Social Security; Social Security Administration, Defendants—Appellees.**

No. 06–56026.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2008.

Filed Feb. 13, 2008.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Alexandra T. Manbeck, Esq., San Diego, CA, for Plaintiff–Appellant.

U.S. Attorneys' Office, Office of the District Counsel, Department of Homeland Security, San Diego, CA, U.S. Attorneys' Office, Sarah Ryan, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendants–Appellees.

Before: HALL, GRABER, and BERZON, Circuit Judges.

MEMORANDUM **

Hoang appeals from the district court's decision affirming the Commissioner's denial of Supplemental Security Income (SSI) benefits for the period from March 14, 1996 through May 7, 1998. We reverse and remand for an award of benefits.

The Administrative Law Judge ("ALJ") concluded that Hoang had no determinable mental impairment and discredited the opinion of an examining physician, Dr. Valette, who, after testing, diagnosed Hoang with "intellectual functioning in the borderline range" that limited him to "simple, repetitive tasks."

The ALJ's refusal to credit Dr. Valette was not based on substantial evidence. In particular, although Dr. Valette mentioned that Hoang took one of the administered tests without his glasses, the doctor accounted for that circumstance by estimating Hoang's actual intellectual functioning as somewhat higher than his tested score, although still "minimally in the borderline range." In nonetheless entirely discounting Dr. Valette's opinion, the ALJ "selectively focused on aspects of the report which tended to suggest non-disability," but ignored the report's overall conclusions. *Widmark v. Barnhart,* 454 F.3d 1063, 1067 (9th Cir.2006) (quoting *Edlund v. Massanari,* 253 F.3d 1152, 1159 (9th Cir.2001)) (internal quotation marks and alterations omitted).

The ALJ also pointed to the failure of Hoang's treating physicians to diagnose

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

him with intellectual functioning in the borderline range. Most of Hoang's physicians, however, treated him for hypertension and arthritis. As they had no reason to determine his intellectual capacity while treating him for physical ailments, their failure to discuss his intellectual functioning cannot constitute substantial evidence. *See id.* at 1067–68. In addition, the observations of Hoang's treating psychiatrist, Dr. Cherlin, not only did not contradict, but were consistent with, the assessment that Hoang exhibits borderline intellectual functioning.

The ALJ also relied on the contradictory opinion of a non-treating, non-examining physician, Dr. Haroun. Dr. Haroun's testimony was entirely conclusory with regard to its rejection of Dr. Valette's diagnosis, was not supported by any test results or other evidence, and was not consistent with the other evidence in the record. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (an ALJ may rely on the opinion of a non-examining, non-treating physician to discredit an examining physician only when the non-examining physician's opinion is supported by and consistent with the other evidence in the record). Because the ALJ failed to offer "specific, legitimate reasons" for crediting Dr. Haroun, a non-treating, non-examining doctor, over Dr. Valette, an examining doctor, *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.1995), we credit Dr. Valette's opinion "as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995).

Further, we conclude that remand for an award of benefits is appropriate because, once Dr. Valette is credited, "there are no outstanding issues that must be resolved before a determination of disability can be made." *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir.2004). The vocational expert testified that Hoang could not engage in any of the jobs that she identified if he were limited to simple, repetitive tasks. Moreover, this case has wound its way through the agency and the district court for a decade, primarily as a result of procedural and substantive errors by the agency. At some point, these proceedings must come to an end. *See id.* at 595.

For the foregoing reasons, we **REVERSE and REMAND** for an award of benefits for the period from March 14, 1996 through May 7, 1998.